**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **CLEARLY CLEAN PRODUCTS, LLC**, *et al.* | **CIVIL ACTION** |
| Plaintiffs, | |
| *v.* | **NO. 20-4723-KSM** |
| **TEKNI-PLEX, INC.**, *et al.*, | |
| Defendants. | |

**<u>MEMORANDUM</u>**

**Marston, J.**                                                                      **March 13, 2026**

Much has changed in the last five years; this action has as well.  In September 2020,

Plaintiffs Clearly Clean Products, LLC and Converter Manufacturing (collectively, "Plaintiffs")

sued Defendants Tekni-Plex, Inc., Dolco, LLC, and Commodore Plastics, LLC, alleging patent

infringement, trade dress infringement, misappropriation of trade secrets, unfair competition,

unjust enrichment, tortious interference with contract, and civil conspiracy.  (*See* Doc. No. 1.)

After briefly litigating in this Court, the parties took a detour to the Patent Trial and Appeal

Board ("PTAB") in February 2022, and this action was stayed.[1]  (*See* Doc. No. 44.)  After over

three years of *Inter Partes* Review ("IPR") and multiple appeals to the United States Court of

Appeals for the Federal Circuit and a petition for certiorari to the United States Supreme Court,

the parties have returned to continue what they started.

---

[1] The instant action was originally assigned to the Honorable Anita B. Brody, then reassigned to the Honorable C. Darnell Jones, II on October 20, 2020.  (*See* Doc. No. 13.)  While the case was stayed, Judge Jones retired from the Eastern District of Pennsylvania and this case was reassigned to the undersigned on November 21, 2022.  (*See* Doc. No. 46.)  Since that date, per the request of all parties, the stay has remained in place.

But before they can do so, Plaintiffs seek leave to amend and supplement their Complaint so that the instant action can "take into account what has transpired" since 2022. (Doc. No. 61-1 at 1.) As such, Plaintiffs' Motion for Leave to File a First Amended and Supplemented Complaint is presently before the Court. (*See* Doc. No. 61.) Plaintiffs argue that such amendment and supplementation is necessary due both to the outcome of the IPR at PTAB and Defendants Tekni-Plex, Inc. and Dolco, LLC's "continued willful infringements" of some of the original patents at issue and other, previously unasserted, patents. (*See* Doc. No. 61-1.) Plaintiffs claim that the amendment and supplementation will not prejudice Defendants, is not based upon any bad faith or undue delay, and is not futile. (*See generally id.*; Doc. No. 65.) Defendants Tekni-Plex, Inc. and Dolco, LLC (hereinafter, collectively, "Defendants") oppose the motion.[2] (*See generally* Doc. Nos. 64, 66.) Defendants argue that (1) Plaintiffs' proposed post-2022 additions to the Complaint should be barred due to undue delay and prejudice, and (2) Plaintiffs should be equitably estopped from amending and supplementing their Complaint to include claims regarding other patents because Plaintiffs failed to bring those claims back in 2020. (Doc. No. 64 at 14–18; Doc. No. 66 at 5–10.) As such, Defendants ask this Court to deny leave to amend and rule on their more than five-year-old partial motion to dismiss (Doc. No. 24). (Doc. No. 64 at 30.)

---

[2] One of the proposed changes in Plaintiffs' First Amended Complaint is to drop Commodore Plastics, LLC. (*Compare* Doc. No. 1 *with* Doc. No. 61-2.) Commodore Plastics, LLC has not opposed Plaintiffs' motion. (Doc. No. 61-1 at 4.) And Defendants do not oppose the removal of Commodore. (Doc. No. 64 at 7 ("Defendants urge the Court to: (1) deny leave to amend, ***except to remove the party (Commodore Plastics, LLC)*** . . . .") (emphasis added).) As the removal of Commodore Plastics, LLC is unopposed, and Plaintiffs have dropped any claims against it, the Court will remove it as a party to this action. *See Mullin v. Balicki*, 875 F.3d 140, 156 (3d Cir. 2017) ("Because an amended complaint supersedes the original, parties voluntarily dropped from an amended complaint do not remain in the case.") (quotation marks omitted).

For the reasons discussed below, the Court will grant Plaintiffs' motion for leave to file an amended and supplemented complaint.  The stay in this case will be lifted and Defendants' motion to dismiss will be denied as moot.

## I.   FACTUAL BACKGROUND

While the history of this litigation began in 2020, the underlying facts stretch back to 2018.  Plaintiffs allege they "are the original inventors and creators of the world's first rolled edge rectangular thermoformed trays" that solved an issue related to sharp edges during manufacture.  (Doc. No. 61-1 at 2.)  These are "the sort of trays used to contain cuts of meat or poultry within a plastic overwrap in grocery and other retail settings."  (Doc. No. 1 at 6.)  Plaintiff's alleged invention led to multiple patents relating to the manufacture of these trays; two[3] of which were at issue in the original Complaint (hereinafter, the "Original Patents"), and three[4] of which Plaintiffs seek leave to add to the instant action (hereinafter, the "New Patents"). (*Id.*)

Plaintiffs and Defendants are competitors in the market for these thermoformed trays. (*Id.*)  Plaintiffs allege that, beginning in 2018, Defendants sought to illegally obtain "patented and nonpatented[] trade secret technologies" from Plaintiffs.  (*Id.* at 3.)  Then, in March of 2020, Plaintiff Clearly Clean sent Defendant Dolco a letter identifying seven U.S. and two foreign patents in which Plaintiffs had rights.  (*See* Doc. No. 64-2.)  The letter included all five patents at issue here—the Original Patents and the New Patents Plaintiffs now seek leave to add—as well

---

[3] These patents are U.S. Patent No. 9,908,281 (the "'281 Patent") and U.S. Patent number 10,189,624 (the "'624 Patent").  (Doc. No. 1 at 2.)  In Plaintiffs' original Complaint, they also asserted claims relating to U.S. Patent number 10,562,680 (the "'680 Patent"), but they have dropped those claims in the First Amended Complaint.  (*See* Doc. Nos. 61-2, -3.)  Defendants do not oppose Plaintiffs' proposed amendment as it relates to the '680 Patent.  (*See* Doc. No. 64 at 30.)

[4] Those are U.S. Patent number 10,076,865 (the "'865 Patent"), U.S. Patent number 10,399,268 (the "'268 Patent"), and U.S. Patent number 10,562,222 (the "'222 Patent").  (Doc. No. 61-2 at 3.)

as the '680 Patent that Plaintiffs seek to drop from this action.  (*See id.*)  The letter stated that it

was "a mechanism used by our company to inform others whose products or activities may, now

or in the future, potentially conflict with [Plaintiffs' patent] rights."  (*Id.* at 2.)  Defendants did

not respond to that letter.  (Doc. No. 1 at ¶ 70.)

## II.    PROCEDURAL HISTORY

Six months after sending their letter, in September 2020, Plaintiffs filed their original

Complaint alleging, among other claims, infringement of the Original Patents and the '680

Patent.  (*Id.* at 19–35.)  In December of 2020, Defendants filed a partial motion to dismiss.  (*See*

Doc. Nos. 23, 24.)  While that motion was pending, on May 10, 2021, Defendant Tekni-Plex

filed three petitions for IPR challenging the validity of most—but not all—claims which make up

the Original Patents.[5]  Those petitions were granted (Doc. No. 39-1 at 7), and on January 14,

2022, Defendants sought a stay of this litigation pending the IPR outcome, which Defendants

represented "must issue . . . on or before October 22, 2022."  (*Id.* at 8.)  The Court granted the

stay, and ever since, this action has only consisted of the parties providing the Court status

updates on the IPR actions.  (*See* Doc. Nos. 44, 50, 52, 54, 56, 58, 60.)  On October 20, 2022,

PTAB issued Final Written Decisions that found the challenged portions of the three Original

Patents were unpatentable.  (*See* Doc. No. 50 at 1.)  Plaintiffs then appealed PTAB's decisions to

the U.S. Court of Appeals for the Federal Circuit; each decision was affirmed.  (*See* Doc. No. 56

at 1.)  The U.S. Supreme Court denied Plaintiffs' request for certiorari on May 27, 2025.  (*See*

Doc. No. 60 at 1.)

---

[5] A patent claim is the "portion of the patent document that defines the scope of the patentee's
rights."  *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996).

Thus, the parties had nowhere left to go but back where they began.  And on September 10, 2025, Plaintiffs filed this instant motion.  (*See* Doc. No. 61.)  Even after their losses at PTAB, the Federal Circuit, and the Supreme Court, Plaintiffs argue Defendants "are still infringing at least one claim from each of the '281 Patent and the '624 Patent [the Original Patents], and are also infringing Plaintiffs' '865 Patent, '268 Patent, and '222 Patent [the New Patents]," which necessitates the filing of an updated complaint here.  (Doc. No. 61-1 at 3 (cleaned up).)  Defendants have responded opposing Plaintiffs' motion, arguing that (1) allowing Plaintiffs to amend their Original Patents infringement claims and add their New Patents infringement claims would prejudice Defendants; (2) Plaintiffs' proposed amendments to their Original Patents infringement claims are futile; and (3) equitable estoppel separately bars Plaintiffs' New Patents infringement claims.  (Doc. No. 64 at 12–29.)  Plaintiffs have replied, and Defendants have sur-replied.  (Doc. Nos. 65–66.)  And the Court held oral argument on the motion on March 4, 2026.  (Doc. No. 69.)  Thus, Plaintiffs' motion is ripe for resolution.

## III.    LEGAL STANDARDS

### A.    *Rule 15(a)*

Federal Rule of Civil Procedure 15(a) allows a party to "amend its pleading once as a matter of course no later than:  (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party."  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267,

272–73 (3d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  But "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  And "[t]he decision to grant or deny a motion for leave to amend is within the sound discretion of the district court."  *Shopman's Loc. Union 502 Pension Fund v. Samuel Grossi & Sons, Inc.*, 578 F. Supp. 3d 698, 703 (E.D. Pa. 2022).

### B.      Rule 15(d)

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  This differs from an amended pleading, "which covers matters that occurred before the filing of the original pleading but were overlooked at the time."  *Owens–Illinois, Inc. v. Lake Shore Land Co., Inc.*, 610 F.2d 1185, 1188 (3d Cir.1979).  Courts "apply Rule 15(d) in a manner aimed at securing the just, speedy and inexpensive determination of every action—the standard applicable to motions to amend under Rule 15(d) is essentially the same standard that applies to Rule 15(a)."  *CMR D.N. Corp. v. City of Philadelphia*, No. 07-cv-1045, 2011 WL 857294, at *4 (E.D. Pa. Mar. 11, 2011), *aff'd*, 703 F.3d 612 (3d Cir. 2013) (cleaned up).  "Leave to file a supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility, and when the supplemental facts are connected to the original pleading."  *Id.*  Whether to grant a Rule 15(d) motion to supplement a pleading is within the discretion of the district court.  *See, e.g.*, *T Mobile Ne. LLC v. City of Wilmington*, 913 F.3d 311, 326–27 (3d Cir. 2019).

## IV.    DISCUSSION

As discussed below, and considering the foregoing standards, the Court finds that leave to amend and supplement is appropriate here.  There is nothing facially unreasonable about Plaintiffs' attempt to amend and supplement their Complaint in light of the IPRs and Defendants' alleged continuing violations of Plaintiffs' patent rights.  The early stage of the case and closely related nature of the New Patents now sought to be added to the Original Patents, support their inclusion and promote judicial economy.  The Court also finds that Plaintiffs have provided legitimate reasons to seek amendment and supplementation; Defendants have failed to show that Plaintiffs' delay was undue such that amendment would cause Defendants unfair prejudice, nor have they shown that amendment is futile.  And the Court finds that Plaintiffs are not equitably estopped from adding the New Patents to the current litigation.  We first discuss Defendants' prejudice and futility arguments before turning to equitable estoppel.

### A.    *Prejudice*

When, as here, there is a contested motion for leave to amend, the burden is "on the party opposing the amendment" under Rule 15(a)(2).  *See Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010).  The "touchstone of [Rule 15(a)(2)] is a showing of prejudice" to the opposing party.  *Id.*  And "[i]n the absence of substantial or undue prejudice, denial [of a motion to amend] must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981).  But "[u]ndue prejudice is more than the prejudice inherent in any pleading amendment.  Undue prejudice to the opposing party means an undue difficulty or unfair disadvantage in defending the action because of a change of tactics or theories, such as when the opposing party would be

7

deprived of the opportunity to present facts or evidence." *Kubic v. Packaging Corp. of Am.*, 1994 WL 144363, at *1 (E.D. Pa. Apr. 18, 1994). Here, Defendants argue they would be unduly prejudiced by Plaintiffs' alleged delay in filing amended and supplemented claims relating to both the Original Patents and the New Patents. (Doc. No. 64 at 13–16, 28–29.) Both arguments fail.

### 1.      Original Patents

Defendants argue that Plaintiffs should be denied leave to amend and supplement their Original Patents infringement claims due to the prejudice that has resulted from their undue delay. (Doc. No. 64 at 28.) But "delay alone does not justify denying a motion to amend. Rather, it is only where delay becomes undue, placing an unwarranted burden on the court, or prejudicial, placing an unfair burden on the opposing party, that denial of a motion to amend is appropriate." *Synthes, Inc. v. Mathes*, 281 F.R.D. 217, 225 (E.D. Pa. 2012) (cleaned up). Because "there is no presumptive period in which delay becomes undue," the Court must decide the issue of undue delay by considering "the movant's reasons for not amending sooner while bearing in mind the liberal pleading philosophy of the federal rules." *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) (cleaned up). And "[u]ltimately, 'the obligation of the district court is to articulate the imposition or prejudice caused by the delay, and to balance those concerns against the movant's reasons for delay.'" *Synthes*, 281 F.R.D. at 225 (quoting *Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 520 (3d Cir. 1988)).

Back in 2020, Plaintiffs brought patent infringement claims alleging violations of "one or more of the claims" that make up the Original Patents. (Doc. No. 1 at 19, 25.) Then, after the parties went to IPR, PTAB "f[ound] in favor of [] Defendants" (Doc. No. 61-1 at 3) and invalidated the 72 patent claims in the Original Patents that Defendant Tekni-Plex challenged.

(Doc. No. 64 at 8.)  Plaintiffs' proposed First Amended Complaint recognizes those decisions and now seeks to bring more limited patent infringement claims regarding only "Claim 18 of the '281 Patent and Claim 27 of the '624 Patent," neither of which were challenged in the IPRs. (Doc. No. 61-2 at 21; Doc. No. 64 at 11.)  Yet, Defendants argue they have been prejudiced by this delayed amendment because they "had no way of knowing that '281 Claim 18 and '624 Claim 27 would be at issue in the present case" and "[h]ad [ ] [C]laims [18 and 27] been identified in the 2020 complaint, Defendants would have had the necessary information to include those claims in the IPRs."  (Doc. No. 64 at 28–29.)

Defendants' prejudice argument is unavailing.[6]  While they are correct that Plaintiffs did not specifically cite Claim 18 of the '281 Patent and Claim 27 of the '624 Patent in the original Complaint, the full Original Patents are attached to that Complaint, are public documents,[7] and contain both patent claims that Plaintiffs now seek to assert.  (*See* Doc. No. 1; Doc. No. 1-4 at 55; Doc. No. 1-5 at 56.)  Defendants' claim that the purported "complexity" of these two patent claims foreclosed their ability to challenge them through IPR is nothing more than a red herring. (Doc. No. 64 at 28.)  Any "person who is not the owner of a patent may file with the [U.S. Patent and Trademark] Office a petition to institute an inter partes review of the patent."  35 U.S.C. § 311.  IPR is not limited to parties who have been sued for patent infringement.  Defendants could have sought IPR on all patent claims that make up the Original Patents.  They chose not to do so.

---

[6] Defendants' citation to the parties' status reports from this litigation as support is similarly unavailing.  (Doc. No. 64 at 29.)  Contrary to Defendants' contention, Plaintiffs did not say the stay in this action should be lifted if "Plaintiffs had a viable allegation of infringement of *any* patent claim that that had not been ruled unpatentable."  (*Id.* (cleaned up) (emphasis added).)  Plaintiffs' request was cabined to the "challenged claim[s]," i.e., the 72 claims for which Defendant Tekni-Plex sought IPR.  (*Id.* (cleaned up).)

[7] *See Hoganas AB v. Dresser Industries, Inc.*, 9 F.3d 948, 954 n.27 (Fed. Cir. 1993) ("Although that patent is not part of the record . . . it was referred to . . . and is publicly accessible.  Accordingly, we have taken judicial notice of it.").

Further, any delay by Plaintiffs to amend must also be placed in the context of the stay of this litigation—which was requested by Defendants. In effect, Defendants now ask the Court to punish Plaintiffs for failing to bring a separate lawsuit, or amending their Complaint, while (1) this litigation was stayed at Defendants' request and (2) the parties were undergoing IPR regarding many of the patent claims that make up the Original Patents. This the Court will not do. Once Plaintiffs' rights—or lack thereof—in the Original Patents were decided, and their appellate rights exhausted, they quickly sought this Court's leave to restart the instant action based upon claims that have not been found unpatentable.

And finally, regarding supplementation, Plaintiffs have represented that Defendants continue to infringe upon their alleged rights in these two patent claims. (Doc. No. 61-1 at 3.) While the Court offers no opinion on the validity of Plaintiffs' claims, continued post-complaint infringement is a valid reason for supplementation. *See Medeva Pharma Ltd. v. Am. Home Prods. Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001) (granting motion to supplement complaint that "merely allege[d ] the continued" infringement of plaintiff's patent). So, Defendants have not shown they would suffer undue prejudice from the amendment and supplementation of Plaintiffs' Original Patents allegations.

### 2.      New Patents

Defendants' prejudice argument fairs no better when applied to the New Patents. The crux of their argument is again undue delay and resulting prejudice.[8] (Doc. No. 64 at 13–16.)

---

[8] Defendants also make a threshold argument that "Plaintiffs' lack of explanation for this delay, standing alone, justifies denying leave to amend the complaint here." (Doc. No. 64 (citing *CMR D.N.*, 703 F.3d 612 at629.) But Plaintiffs clearly explain their reasoning for seeking leave in the introduction of their brief. (*See* Doc. No. 61-1 at 1-2 (arguing for leave to amend "to take into account what has transpired [since the Court entered a stay] both in terms of its previously asserted patents . . . as well as other, related patents not previously asserted in this case"). Defendants may disagree with that explanation, but it is certainly cogent. *Cf. CMR D.N.*, 703 F.3d at 629–31 (affirming denial of leave to amend, which plaintiff only sought to file after three years of litigation, copious motion practice, and in

But, as discussed above, "delay alone does not justify denying a motion to amend," *Synthes*, 281 F.R.D. at 225, and prejudice must be true "undue difficulty or unfair disadvantage," *Kubic*, 1994 WL 144363, at *1.

Plaintiffs again argue there has been no prejudice and undue delay, and "[t]o the extent there was any delay in this matter prior to the instant motion" it was due to the stay requested by Defendants and "the need to obtain finality" from the three IPR decisions.[9]  (Doc. No. 61-1 at 7–8.)  Defendants respond that Plaintiffs' delay in asserting the New Patents has prejudiced them by "lull[ing] [them] into action and [causing them to] forego[] certain legal remedies."  (Doc. No. 64 at 14.)  Specifically, they claim that because Plaintiffs' March 2020 letter asserted rights in seven patents then Plaintiffs sued based only on the three Original Patents, this "effectively signaled" a lack of intent to sue on the New Patents and caused Defendants to forgo challenging the New Patents through IPR.  (*Id.* at 13.)  Defendants further argue the prejudice has manifested itself in decreased chances of success at PTAB due to "staffing cuts and dramatic policy changes . . . under the new Presidential administration."  (*Id.* at 14.)  None of these facts constitutes undue delay or prejudice sufficient to deny Plaintiffs leave to amend and supplement.

First, regarding undue delay, as discussed in Section IV.A.1 *supra*, Plaintiffs request to amend and supplement their complaint is not unduly delayed because of the stay this Court issued in 2022.  (*See* Doc. No. 44.)  While Defendants are correct that Plaintiffs failed to bring

---

response to an issue raised in a defendant's motion to dismiss, because plaintiff failed to provide a good reason for the delay).

[9] Plaintiffs also argue Defendants cannot claim prejudice because they have "prior art and expert opinion [from the IPRs] that [they] can use to combat the validity of the asserted claims of these patents." (Doc. No. 61-1 at 9.)  Defendants counter that the New Patents "have different claims, with different scope, and are directed to different subject matter."  (Doc. No. 64 at 15.)  At this early stage of the litigation, it is unclear whether and to what extent the parties' prior art or experts will be useful.  So, this does not support Plaintiffs' argument for leave to amend and supplement.

claims relating to the New Patents back in 2020 (Doc. No. 64 at 13), this case was stayed while it was still in its infancy: no merits-based motions to dismiss have been ruled on, no complaints have been answered, and—most critically for a patent case—no discovery or claim construction has taken place. As such, this case can hardly be said to have "plac[ed] an unwarranted burden on the court" such that Plaintiffs' delay in adding the New Patents to this action was undue. *Synthes*, 281 F.R.D. at 225.[10]

Second, Defendants' arguments around prejudice fail upon close inspection. Prejudice "means an undue difficulty or unfair disadvantage in defending the action because of a change of tactics or theories, such as when the opposing party would be deprived of the opportunity to present facts or evidence." *Kubic*, 1994 WL 144363, at *1. Here, Defendants claim to be prejudiced because the addition of the New Patents deprived them of the chance to seek IPR back in 2021 and now their chances of success are lower. But whether or not Defendants will have success through IPR is not prejudice for purposes of Rule 15; the inquiry is centered upon whether Defendants will be "unfairly disadvantaged or deprived of the opportunity to present facts and evidence" in *this* case, not other parallel actions.[11] *Trueposition, Inc. v. Allen Telecom,*

---

[10] At oral argument, Defendants sought to focus the Court's attention not on the time this action was stayed, but on the 17 months between when Plaintiffs' original Complaint was filed and the date Judge Jones issued the stay. (*See* 3/4/2026 Oral Arg. Tr. 20:10–21:16.) This, they argue, constitutes an undue delay because during that period Plaintiffs failed to amend and add in the New Patent claims. (*See id.* at 22:8–23:11.) The Court remains unpersuaded. As discussed above, no merits-based motions to dismiss were ruled upon and the parties did not engage in any merits discovery during those 17 months. So, there was no "unwarranted burden on the [C]ourt." *Cureton*, 252 F.3d at 273. Nor did this 17-month delay "plac[e] an unfair burden on" Defendants. *Id.* To the contrary, as detailed in Defendants' motion to stay, Defendants chose to spend that time seeking, and being granted, IPR on some of the Original Patents. (*See* Doc. No. 39-1.) And Defendants reported those IPRs were "proceeding at rapid pace." (*Id.* at 8.) While Defendants now must bear the burden of litigating these New Patent claims, such a burden cannot be considered unfair.

[11] In their briefing (Doc. No. 64 at 8) and multiple times at oral argument (3/4/2026 Oral Arg. Tr. 26:6–23, 29;12–18, 30:3–4) Defendants cited to the Northern District of California's decision in *Kane v. DeLong* as support for their argument. No. 12-cv-5437, 2013 WL 1149801 (N.D. Cal. Mar. 19, 2013). But, even putting aside that *Kane* is an out of Circuit district court opinion, it is factually and procedurally

*Inc.*, No. 01-cv-823, 2002 WL 1558531, at *2 (D. Del. July 16, 2002) (granting leave to amend and add additional patents to infringement action due to similarly of patents and discovery being in early stages).  And even crediting Defendants' argument, they only have themselves to blame for that reality.  They could have also brought IPRs against Plaintiffs for the New Patents back in 2021 or earlier, especially as at least Defendant Tekni-Plex has been on notice of Plaintiffs' rights in the New Patents since March 2020, when they received Plaintiffs' letter.  (*See* Doc. No. 64 at 13; Doc. No. 64-2.)  And Defendants' concern regarding a lower likelihood of success at PTAB now versus 2021 is unpersuasive; the question is not whether Defendants will or will not succeed at IPR but whether they have lost the ability to make their arguments or put on their defenses.  *See Kubic*, 1994 WL 144363, at *1.  At its core, Defendants' purported prejudice is merely having to now defend this lawsuit in 2026, something which they will still have every opportunity to do in this Court, or IPR—if they so choose.  That is not sufficient to deny Plaintiffs leave to amend and supplement.

Moreover, as this case remains procedurally at the beginning stages, it is logical to keep the parties and claims together for judicial economy.  The parties do not dispute that all five of the patents at issue are related to the parties' tray products.  (*See* Doc. No. 61 at 6; Doc. No. 64 at 13.)  And Plaintiffs allege that Defendants have been infringing the New Patents the last five years, and as recently as May 2025.  (Doc. No. 65 at 7.)  As such, Plaintiffs are correct that the logic of the Middle District's opinion in *InterMetro Indus. Corp. v. Enovate Med., LLC* is

---

distinguishable from this action.  In *Kane*, the court denied the plaintiffs' motion to dismiss the defendants' equitable estoppel counterclaim and found the defendants had successfully pleaded reliance due to (1) affirmative statements from the plaintiffs regarding the patents at issue and (2) the defendants having "forewent legal action during the period of time within the statute of limitations." *Id.* at *5. Neither of those are issue here; Defendants argue only that Plaintiffs' conduct constitutes "misleading silence", and they make no statute of limitations argument.  (*See* Doc. No. 64 at 16–18.)

13

applicable here.  13-cv-02854, 2017 WL 901101 (M.D. Pa. Mar. 7, 2017).  In *InterMetro*, the court granted leave to add an additional patent to an existing infringement suit because "it is clearly in the interest of judicial economy to dispose of all of the claims between the parties in one proceeding."  *Id.* at *5.  Here, as there, "if the motion to amend were denied, [Plaintiffs] could [simply] institute a second action against [Defendants] for infringement of the [New Patents]."  *Id.*  Denying leave to amend to add the New Patents would then only further delay and complicate an already severely delayed action.

*          *          *

Thus, Plaintiffs have not unduly delayed in moving to amend and supplement, and Defendants' asserted prejudice regarding both the Original Patents and New Patents can all be tied to their own actions—or inactions—neither of which are the type of prejudice that calls for the denial of a motion to amend under Rule 15(a) or motion to supplement under Rule 15(d).

### B.      Futility

Defendants also ask the Court to deny Plaintiffs leave to amend and supplement their claims relating to the Original Patents because amendment would be futile.  (Doc. No. 64 at 19–28.)  The Court will not do so.

"Amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."  *McCormick v. Kline*, 670 F. App'x 764, 766 (3d Cir. 2016) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)) (cleaned up).  The Futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion, in which "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Holst v. Oxman*,

14

290 F. App'x 508, 510 (3d Cir. 2008).  But "given the liberal standard for the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Harris v. Steadman*, 160 F. Supp. 3d 814, 817 (E.D. Pa. 2016) (quotation marks omitted).

Plaintiffs argue their proposed First Amended Complaint is sufficient as to the Original Patents because it is "factually supported and [they have] provided with specificity . . . accused products and annotated photographs" of Defendants' products alongside the Original Patents. (Doc. No. 61-1 at 8.)  Defendants disagree, arguing that in this patent infringement suit, Plaintiffs have failed to provide the "high level of detail" required due to "the complexity of the technology, the materiality of the disputed element, and the nature of the allegedly infringing product."  (Doc. No. 64 at 14 (quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).)  Plaintiffs respond that "Defendants are judicially estopped" from arguing the complexity of the Original Patents and that even under the *Bot M8* pleading standard[12], they have adequately pled claims for patent infringement because they have "identif[ied] the accused product by name and by photograph and [] alleg[ed] that the accused product meets" the elements of the patent claim.  (Doc. No. 65 at 12–13.)  Defendants' sur-reply emphasizes that the Plaintiffs have "show[n] only where the stacking extensions allegedly are, and still not what they are."  (Doc. No. 66 at 10 (cleaned up).)

---

[12] In *Bot M8*, the Federal Circuit clarified "the stringency of pleading requirements in cases alleging patent infringement" and emphasized that "patentees need not prove their case at the pleading stage."  4 F.4th at 1346.  There, the Federal Circuit stated that "[t]o the extent this district court and others have adopted a blanket element-by-element pleading standard for patent infringement, that approach is unsupported and goes beyond the standard the Supreme Court articulated in *Iqbal* and *Twombly*."  *Id.* at 1352.  That said, plaintiffs alleging patent infringement still must "articulate why it is plausible that the accused product infringes the patent claim."  *Id.* at 1353.

The Court finds that amendment is not futile. In doing so, the Court does not delve deeply into the merits of the proposed First Amended Complaint, as the parties' arguments make clear there is substantial room for debate about the validity of the patent claims at issue and how the claims could be constructed. (*See generally* Doc. Nos. 61, 64–66.) "Although tracking Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims[.] If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper." *In re: L'Oreal Wrinkle Cream Mktg. Pracs. Litig.*, No. 2415, 2015 WL 5770202, at *4 (D.N.J. Sept. 30, 2015) (emphasis in original) (citation omitted). And "a futility determination here would require a searching analysis of the complex elements of [patent infringement claims], which far exceeds the inquiry appropriate on this motion." *Id.*

Broadly, for claims of patent infringement, "[a] plaintiff is not required to plead infringement on an element-by-element basis . . . but must only give the alleged infringer fair notice of infringement." *Bot M8*, 4 F.4th at 1352 (citation omitted). Here, Plaintiffs have done enough. The Amended Complaint alleges Claim 18 of the '281 Patent and Claim 27 of the '624 Patent, relating to a tray stacking extension and consistent tray heights, respectively, are being infringed by Defendants' products due to their substantial visual similarity. (Doc. No. 61-2 at 21–33; *see also* Doc. No. 1-4 at 55, Doc. No. 1-5 at 56.) And, in fact, earlier in this litigation, Plaintiffs brought broader, but similar, patent infringement claims against Defendants and Defendants did not move to dismiss those claims. (*See* Doc. Nos. 1, 24.) In short, this is not substantive merits motion practice. There will be a time for that. [13] As of now, Plaintiffs' proposed amendments and supplementation are not futile.

---

[13] For clarity, this Memorandum does not in any way foreclose Defendants from later moving to dismiss the Original Patent claims or making future arguments about their insufficiency at, for example, a *Markman* hearing. The Court merely finds that, at this stage, "Plaintiffs' proposed pleading is not on its

16

### C. Equitable Estoppel

Defendants' final argument, equitable estoppel, falls in line. "A party raising equitable estoppel as a defense to patent infringement must prove . . . three elements: (1) The [patentee] . . . communicates something in a misleading way, either by words, conduct or silence. (2) The [accused infringer] relies upon that communication. (3) And the [accused infringer] would be harmed materially if the [patentee] is later permitted to assert any claim inconsistent with his earlier conduct." *Zero Techs., LLC v. Clorox Co.*, 713 F. Supp. 3d 40, 71 (E.D. Pa. 2024). Defendants argue they have met all three elements here due to Plaintiffs' conduct relating to the New Patents. (Doc. No. 64 at 16–18.) Specifically, they argue Plaintiffs' decision to wait five years to bring claims for the New Patents constitutes "misleading silence" because Plaintiffs had already asserted rights in all relevant patents back in March 2020 and chose to only sue on three of them (the Original Patents plus in the '680 Patent) in September 2020. (*See id.*) According to Defendants, "this misleading conduct led [them] to forego possible *inter partes* review preventing economical resolution of this dispute and decreasing Defendants' odds of prevailing due to new policies at the PTO in 2025." (*Id.* at 18.)

Defendants' equitable estoppel argument fails before it can begin. It is not properly brought as a substantive reason to deny leave to amend. "[E]quitable estoppel is . . . a judicial doctrine that bars the assertion of a claim or defense." *Medley v. County of Montgomery*, No. 12-cv-1995, 2012 WL 2912307, at *4 (E.D. Pa. July 17, 2012) (citing *Elbeco Inc. v. Nat'l Ret.*

face frivolous." *In re: L'Oreal*, 2015 WL 5770202, at *5. For example, the Court would not hesitate to deem the claims futile if they were barred by the statute of limitations or otherwise plainly prohibited by law, as other courts in this Circuit have done. *See Wazee St. Opportunities Fund IV LP v. Fed. Hous. Fin. Agency*, No. 18-cv-03478, 2025 WL 1106068, at *8 (E.D. Pa. Apr. 14, 2025) (finding Appropriations Clause claims were "barred by statute of limitations" and thus amendment was futile). But that is not the case here.

*Fund*, 128 F. Supp. 3d 849, 863 (E.D. Pa. 2015).  In Defendants' sur-reply, they characterize their argument as a request to "dismiss [the New Patents claims] under Rule 12(b)(6) based on" the affirmative defense of equitable estoppel.  (Doc. No. 66 at 7.)  But Defendants put the cart before the horse.  The instant motion is one for leave to amend.  (*See* Doc. No. 61.)  Any motion to dismiss, especially one based upon an affirmative defense to a pleading that the Court has not yet allowed—is thus premature.[14, 15]  *See* Fed. R. Civ. P 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."); Fed. R. Civ. P. 15(a)(3) ("[A]ny required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").

*        *        *

In sum, Plaintiffs have given a cogent reason for their delay in moving to amend and supplement and Defendants have failed to show that the delay was undue or that amendment will cause Defendants to suffer substantial prejudice.  And it is premature for Defendants to assert the affirmative defense of equitable estoppel.  Because leave to amend should be freely given "when justice so requires," the Court will allow amendment here.  Fed. R. Civ. P. 15(a).

---

[14] Even if Defendants could argue equitable estoppel at this stage, it would fail for similar reasons as detailed in the Court's New Patents prejudice analysis. (*See supra* Section IV.A.2.)  Plaintiffs' position in the May 2025 status update to this Court was necessarily limited to the operative Complaint at issue. (*See* Doc. No. 58.)  And, most critically, Defendants' argument they forewent IPR on the New Patents because these patents were not alleged in the original complaint, and are thus materially harmed, is meritless. (*See* Doc. No. 64 at 18.)  IPR actions are not limited to defendants in civil actions. *See* 35 U.S.C. § 311.  Despite being on notice of these patents after receiving Plaintiffs' letter in March 2020, Defendants chose to only seek IPR on some of the claims that made up the Original Patents; that choice was only limited by their own judgment.

[15] Just as the Court discussed in Section IV.B, regarding futility, this Memorandum does not in any way foreclose Defendants from asserting an equitable estoppel claim at a different stage of this action. *See McKesson Info. Sols. LLC v. Trizetto Grp., Inc.*, 426 F. Supp. 2d 203, 210 (D. Del. 2006) (stating the factors necessary to establish equitable estoppel).

## V.    CONCLUSION

Plaintiffs' motion for leave to amend is granted.  An appropriate order follows.